COURT OF APPEALS
DECISION
DATED AND FILED

August 6, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP297-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2019CF2958

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

  PLAINTIFF-RESPONDENT,

V.

ALAMIN B YUSSUF,

  DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Dane County: CHRISTINE L. TAYLOR and ANN M. PEACOCK, Judges. *Affirmed*.

Before Graham, P.J., Blanchard, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Alamin B. Yussuf appeals a judgment convicting him of second-degree sexual assault of a child and two counts of possession of child pornography and an order denying his postconviction motion for a new trial. Yussuf argues that his trial counsel was ineffective in two respects relating to the Confrontation Clause: first, by failing to object when the State introduced images extracted from his phone through testimony by a digital-forensics analyst who did not perform the initial extraction; and second, by stipulating to limited testimony from a forensic nurse examiner. We conclude that Yussuf has not shown prejudice as to either claim. We therefore affirm.

¶2 The State charged Yussuf with one count of sexual assault of a child under the age of sixteen and five counts of possession of child pornography. The charges arose after a thirteen-year-old girl, "A.B.," reported that she met Yussuf on a "[h]ookup website," that she had sexual contact with him, and that Yussuf took nude photographs of her with his phone.[1] A.B. did not testify at trial, but the State presented evidence that included, among other things, the testimony of A.B.'s friend who identified Yussuf as the man the friend saw A.B. hugging and touching at Yussuf's apartment, and photographs found in Yussuf's phone that depicted Yussuf and A.B. unclothed and engaging in apparent sexual contact. A jury found Yussuf guilty of second-degree sexual assault of a child and two counts of possession of child pornography.

¶3 Yussuf filed a postconviction motion alleging ineffective assistance of trial counsel. He argued that counsel failed to understand the Confrontation

---

[1] To protect her privacy, we refer to the victim using initials that do not correspond to her real name. *See* WIS. STAT. RULE 809.86 (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

Clause and, as a result, failed to properly object to the admission of evidence from his phone and to testimony from forensic nurse examiner Mollie Jesberger. The circuit court held a *Machner* hearing.[2] The court denied the motion, concluding that the phone images were admissible through the testimony of Matthew Olesen, a supervisor in the Wisconsin Department of Justice Digital Forensics Unit, because Olesen independently reviewed them. The court further concluded that, even if some of Jesberger's testimony was inadmissible, Yussuf failed to show prejudice.

¶4      To establish ineffective assistance of counsel, a defendant must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Balliette*, 2011 WI 79, ¶21, 336 Wis. 2d 358, 805 N.W.2d 334. If the defendant fails to establish one prong, we need not address the other. *Strickland*, 466 U.S. at 697. Whether counsel performed deficiently and whether any deficiency prejudiced the defense are questions of law that we review independently, while upholding the circuit court's factual findings unless clearly erroneous. *State v. Dillard*, 2014 WI 123, ¶86, 358 Wis. 2d 543, 859 N.W.2d 44.

¶5      We first address Yussuf's argument regarding the phone images. At trial, the State called Olesen as a witness. Olesen testified that two phones were analyzed using forensic tools. Olesen explained that an analyst named Kyle Hill performed the initial review of the data and flagged five files as potential child pornography. Olesen further testified that he himself had personally reviewed

---

[2] *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979). A *Machner* hearing is "[t]he evidentiary hearing to evaluate counsel's effectiveness, which includes counsel's testimony to explain [counsel's] handling of the case." *State v. Balliette*, 2011 WI 79, ¶31, 336 Wis. 2d 358, 805 N.W.2d 334.

those files. The images were admitted into evidence without objection. Hill did not testify.

¶6 Yussuf argues that Hill's extraction, analysis, and report were testimonial and that counsel should have objected because the State used Olesen as a substitute analyst. He relies on cases that include *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), and *Bullcoming v. New Mexico*, 564 U.S. 647 (2011). The State responds that Olesen personally reviewed the images and testified based on his independent review, which the State contends is permitted under *State v. Griep*, 2015 WI 40, ¶57, 361 Wis. 2d 657, 863 N.W.2d 567.

¶7 We need not decide whether counsel performed deficiently by failing to object to any testimony about Hill's extraction report or Hill's role in identifying the images. The dispositive point is that Yussuf has not shown prejudice because he has not shown that the images themselves would have been excluded if counsel had objected. The postconviction court found that the extraction report itself was not provided to the jury. The evidence that mattered was the images, and Olesen testified that he personally reviewed the files that Hill had flagged. Yussuf has not developed a persuasive argument showing that the Confrontation Clause required exclusion of the images themselves, as opposed to exclusion of Hill's report or any testimony relaying Hill's conclusions.

¶8 That failure defeats the ineffective-assistance claim. To establish prejudice, Yussuf must show a reasonable probability that the result of the trial would have been different absent counsel's alleged error. *Strickland*, 466 U.S. at 694. Because Yussuf has not shown that a Confrontation Clause objection would have resulted in exclusion of the images, he has not shown a reasonable

4

probability of a different result. We therefore reject his ineffective-assistance claim regarding the phone images.

¶9 We next address Yussuf's argument regarding Jesberger's testimony. During Jesberger's testimony, trial counsel objected to admission of the forensic examination report, initially raising hearsay and redaction concerns. The circuit court identified a potential Confrontation Clause issue and discussed the issue with the parties outside the presence of the jury. The parties ultimately reached a stipulation limiting Jesberger's testimony. The circuit court questioned Yussuf about the stipulation, and Yussuf confirmed that he had heard the terms, had enough time to consult with counsel, had no questions, and understood that the stipulation could be both favorable and unfavorable to him. The court found that Yussuf entered into the agreement knowingly, voluntarily, and intelligently.

¶10 Jesberger then testified in a limited fashion. She testified about the date and time of the examination and the symptoms A.B. reported. On cross-examination, Jesberger confirmed that the symptoms A.B. reported could have been caused by nonforcible sex, and that the examination was inconclusive for sexual assault.

¶11 Yussuf argues that counsel performed deficiently because statements to a forensic nurse examiner may be testimonial under *State v. Nelson*, 2021 WI App 2, 395 Wis. 2d 585, 954 N.W.2d 11 (2020). We assume without deciding that counsel performed deficiently in handling this issue. The claim fails because Yussuf fails to satisfy his burden that he was prejudiced by the assumed error.

¶12 Jesberger's testimony was brief and limited and not particularly helpful to the prosecution or harmful to the defense. The State's case did not depend on this testimony. As discussed above, the jury received the photos found

5

on Yussuf's phone, and the State also presented testimony from A.B.'s friend identifying Yussuf as the man she saw with A.B. at his apartment. As Yussuf acknowledges in his opening appellate brief, "the circuit court was correct in determining the statements, by themselves, are not sufficiently prejudicial," and that once the "damning" photos were admitted, Yussuf's "only hope" was an affirmative defense that he was forced at gunpoint to take the photos with A.B., a defense that the jury rejected. Under the circumstances, Yussuf has not shown a reasonable probability that the result of the trial would have been different if counsel had prevented Jesberger from testifying about A.B.'s reported symptoms. *See Strickland*, 466 U.S. at 694.

¶13 Yussuf argues that counsel's misunderstanding of the Confrontation Clause infected both issues and that the cumulative effect of counsel's errors requires relief. We are not persuaded. As to the phone evidence, Yussuf has not shown that the images themselves would have been excluded. As to the nurse testimony, Yussuf has not shown that the limited testimony prejudiced the defense. Accordingly, Yussuf has not established ineffective assistance of counsel.

¶14 Because Yussuf has not established ineffective assistance, we need not address his argument that the proper remedy would be dismissal with prejudice rather than a new trial.

> *By the Court.*—Judgment and order affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.